it is claimed that there was evidence other than that of eyewitnesses as to how the accident occurred, therefore such proof of deceased's habits was not competent. This question of admission of proof is of little importance because the hearing was before the court without a jury. The inquiry is whether the court should have considered such evidence in arriving at his conclusion. We are of the opinion that the evidence was competent, though perhaps not very material, and could have been properly considered by the court. Finding no error in the record the judgment is affirmed.

*Affirmed.*

## Burton A. Hitchcock, Executor, Appellee, v. Board of Home Missions et al., Appellants.

### Gen. No. 6,111.　　(Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. Theodore N. Green, Judge, Presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action by Burton A. Hitchcock, executor, plaintiff, against the Board of Home Missions, and the Troy Orphan Asylum, defendant, in the Circuit Court of Peoria county.

This case has been before this court before (*Hitchcock v. Board of Home Missions,* 175 Ill. App. 87) and before the Supreme Court on appeal from this court (*Hitchcock v. Board of Home Missions,* 259 Ill. 288). The Circuit Court had refused to allow solicitor's fees to the Troy Orphan Asylum, appellant here. This court held that it had erred in so doing, and the Supreme Court affirmed that part of the decision of

the court and remanded the cause with directions "to allow the Troy Orphan Asylum a reasonable solicitor's fee."

After the cause was redocketed in the Circuit Court, proceedings were had before a master in chancery who refused to hear evidence or consider the value of attorney's services rendered to the Troy Orphan Asylum, either in the appeal to the Supreme Court or to this court, and reported the sum of $1,000 as a reasonable fee for the services rendered prior to the original decree in the Circuit Court. On objection and exception by defendant Troy Orphan Asylum to that part of the master's report which refused to consider the value of services rendered on the two appeals, the chancellor sustained the report.

From a decree allowing defendant Troy Orphan Asylum an attorney's fee of $1,000 for services rendered prior to the original decree in the Circuit Court and denying such fees for services rendered on appeal, defendant Troy Orphan Asylum appeals.

LUTHER C. HINKLE, for appellants.

No appearance for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

COSTS, § 75*—*when attorney's fees for services rendered on appeal properly denied by trial court upon remanding of cause.* Where the Supreme Court reversed a decree in an action with mandate to allow a party "a reasonable solicitor's fee," the decree of the trial court sustaining a master's report refusing to consider the value of services rendered on appeal, and allowing only a reasonable fee for services rendered prior to the decree originally appealed from, *held* not erroneous where nothing in the pleadings raised the question of the allowance of such fees for services rendered on appeal, for the reason that without such pleading such question could not be and was not decided in the decree appealed from by this appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.